**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 11-20578-CIV-SEITZ/SIMONTON

OCEANIA I CONDO
ASSOCIATION, INC.,

       Plaintiff,

vs.

QBE INSURANCE CORP.,

       Defendant.

_____/

## ORDER DENYING MOTION TO COMPEL APPRAISAL

       This matter is before the Court on the Plaintiff's Motion to Compel Appraisal [DE-10].
This is a dispute between an insurance company and its insured arising out of Hurricane Wilma.
Pursuant to the insurance policy, Plaintiff seeks to compel appraisal. Defendant, QBE Insurance
Corp. (QBE) asserts that Plaintiff is not entitled to appraisal because: (1) Plaintiff violated the
policy conditions which are conditions precedent to appraisal; (2) coverage for the claim has
been denied in its entirety; and (3) the policy has been rendered void by Plaintiff's violation of
policy conditions relating to prompt notice of loss or damage, investigation of a claim, and
concealment, misrepresentation, or fraud. Because coverage for the claim has been denied in its
entirety, Plaintiffs are not currently entitled to appraisal.

### I. Background Facts

       QBE provided insurance coverage to Plaintiff for the period from January 1, 2005
through January 1, 2006. On October 24, 2005, Hurricane Wilma hit south Florida. Plaintiff
suffered damages as a result of Hurricane Wilma and hired a public insurance adjuster, Charles
R. Tutwiler & Associates, Inc. (Tutwiler), to represent it with regard to any insurance claim

resulting from Hurricane Wilma. By letter dated July 19, 2007, Tutwiler notified QBE that Plaintiff's damages from Wilma would not exceed the policy deductible of $842,527.00. QBE responded by letter dated September 21, 2007, stating that it was closing the file on the matter because Plaintiff was not making a claim.

More than two years later, on January 29, 2010, Plaintiff retained Ilya Levitis, a public insurance adjuster, to pursue Plaintiff's Hurricane Wilma claim. On March 8, 2010, Plaintiff demanded appraisal. By letter dated March 25, 2010, QBE denied the appraisal and requested a Sworn Statement in Proof of Loss from Plaintiff. On May 10, 2010 Plaintiff executed a Sworn Statement in Proof of Loss, which claimed damages in the amount of $9,013,375.60. On October 22, 2010, Plaintiff executed a revised Sworn Statement in Proof of Loss, which claimed damages in the amount of $3,437,604.70. On October 21, 2010, Plaintiff filed this suit.

On March 29, 2011, Plaintiff filed its Motion to Compel Appraisal. By letter dated April 14, 2011, QBE, through its attorney, notified Plaintiff that it was denying Plaintiff's Hurricane Wilma claim because: (1) Plaintiff had violated the policy's post-lost provisions by failing to provide prompt notice of the loss and damages, by failing to let QBE complete its investigation into the claim, and by refusing the produce a corporate representative for examination under oath to explain the revised claim amount; (2) Plaintiff had breached the insurance contract by impairing QBE's subrogation rights against other responsible parties; (3) Plaintiff's covered damages did not exceed the policy deductible of $842,527.00; and (4) Plaintiff committed fraud by submitting grossly exaggerated and inflated claims. The April 14, 2011 letter concluded that "no coverage will be afforded for the referenced claim and . . . no amounts will be payable under

the subject insurance policy as the coverage is void based upon concealment, misrepresentation or fraud."

## II. Analysis

Under Florida law, "when the insurer admits that there is a covered loss, but there is a disagreement on the amount of loss, it is for the appraisers to arrive at the amount to be paid." *Johnson v. Nationwide Mutual Insurance Co.*, 828 So. 2d 1021, 1025 (Fla. 2002) (quoting *Gonzalez v. State Farm Fire & Casualty Co.*, 805 So. 2d 814, 816-17 (Fla. 3d DCA 2000)) . However, whether the claim is covered by the policy is a question for judicial determination. *Johnson*, 828 So. 2d at 1025. Thus, when the claim has been denied in its entirety based on lack of coverage, appraisal is not appropriate

Plaintiff argues that appraisal is appropriate in this matter because QBE assigned a claim number to the loss, investigated the loss, and acknowledged insurance coverage for the loss in an amount determined by QBE to be less than the policy deductible. Plaintiff argues that it has subsequently notified QBE that it is in disagreement with QBE over the amount of the loss and seeks appraisal. In contrast, QBE asserts that the claim has been denied in its entirety and therefore appraisal is not appropriate.

Plaintiff relies on *Suite 225, Inc. v. Lantana Insurance, Ltd.*, Case No. 10-81026-CIV (S.D. Fla. Jan. 28, 2011), to support its motion for appraisal. Plaintiff's reliance on *Suite 225* is misplaced. In that case, the court ordered appraisal because the parties disagreed over the amount of the damages. In *Suite 225*, the defendant-insurer had admitted coverage for the loss and issued payment for the undisputed amount of the loss. That is clearly not the situation before this Court. Here, QBE has unequivocally stated that no coverage is available under the policy

3

and that the policy is void. Plaintiff points out that QBE recognized that Plaintiff had a covered claim under the policy. However, the claim would only be covered if the policy were not void. Thus, because QBE has declared the policy void, there is no covered claim and therefore the parties cannot disagree over the amount of any covered claim. Consequently, appraisal is not appropriate.

Plaintiff also argues that neither a disagreement over the amount of the damages nor Plaintiff's revision of the Sworn Statement in Proof of Loss establish fraud. Plaintiff further argues that it submitted the Sworn Statements in Proof of Loss in good faith. However, QBE has asserted fraud, not because Plaintiff revised the Sworn Statement in Proof of Loss, but because Plaintiff "intentionally submitted" a "grossly inflated and exaggerated claim." Clearly, there are issues of fact that must be resolved before the fraud issue can be decided. However, a decision on whether Plaintiff actually submitted a fraudulent claim is not for the Court to determine at this stage of the proceedings. At this stage it is sufficient that QBE has denied Plaintiff's claim in its entirety because QBE believes that the policy is void.

Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Compel Appraisal [DE-10] is DENIED.

DONE and ORDERED in Miami, Florida, this $20^{TC}$ day of May, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record

4